# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT A. JENSEN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVING, Acting Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION<br>& ORDER<br><br>Case No. 2:13-cv-00803<br><br>Magistrate Judge Dustin Pead |

## I. INTRODUCTION

Plaintiff Robert A. Jensen ("Mr. Jensen") appeals the Defendant Commissioner of Social Security's (the "Commssioner") decision denying his claim for Disability Insurance Benefits under Title II of the Social Security Act (the Act), 42 U.S.C.§§ 401-433, as well as his claim for Supplemental Security Income under Title XVI, 42 U.S.C.§§ 1381-1383f. (Dkt. 3). Having considered the parties' briefs, the administrative record, arguments of counsel (Dkt. 23), and the relevant law, the Court hereby remands the Commissioner's decision for further consideration.[1]

## II. PROCEDURAL HISTORY

On April 26, 2010, Mr. Jensen filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging disability beginning January 1, 2007. (Tr. 140-146; 147-153). Mr. Jensen's claims were initially denied on August 27, 2010, and again upon reconsideration on November 2, 2010. (Tr. 66, 67, 70, 71). Thereafter, Mr.

---

[1]This case is before Magistrate Judge Dustin Pead pursuant to the parties' consent to jurisdiction under 28 USC § 636(c). (Dkt. 17).

Jensen timely requested a hearing before an Administrative Law Judge ("ALJ") on November 9, 2010. (Tr. 84-85).

A hearing was held on April 16, 2012, in St. George, Utah before Administrative Law Judge ("ALJ"), G. Alejandro Martinez. (Tr. 27). Thereafter, the ALJ issued a decision finding Mr. Jensen not disabled on April 27, 2012 (Tr. 14), and the Appeals Council denied Mr. Jensen's request for review on July 15, 2013. (Tr. 1). The Appeals Council's denial was the final administrative decision of the Commissioner in this case.

### III.  FACTUAL HISTORY

Mr. Jensen alleges disability due to severe, chronic depression and post-traumatic stress disorder. (Tr. 19). In relation thereto, Mr. Jensen saw Mark Manley, M.D. ("Dr. Manley"), a psychiatrist, several times a year from 2003 to 2008. (Tr. 251-287). Dr. Manley determined that Mr. Jensen had difficulty with sustained focus, short term memory, and task completion that interfere with his ability to acquire or sustain gainful employment. (Tr. 395).

Additionally, Mr. Jensen saw therapist Mark Clayton, LCSW, DCSW ("Mr. Clayton") for more than 10 years. (Tr. 290, 416). Mr. Clayton noted that since high school Mr. Jensen has experienced frequent episodes of decompensation and opined that Mr. Jensen suffered from post traumatic stress disorder. (Tr. 290). Mr. Clayton also determined that Mr. Jensen could work for a period of time, after which his functioning regressed and he was unable to maintain employment. (Tr. 414). Consistent therewith, Mr. Clayton's notes document a pattern of improvement and regression throughout his treatment of Mr. Jensen. (Tr. 405, 406, 409, 410).

## IV. STATEMENT OF RELEVANT LAW

### A. Definition of Disability Under the Act

Under the Act, an individual is disabled "only if his physical and mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy…." 42 U.S.C. §423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least twelve consecutive months. *Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

### B. Process for Determining Disability Under the Act

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. That process requires the adjudicator to consider whether a disability claimant: (1) engaged in substantial gainful activity during the alleged disability period; (2) had a severe impairment; (3) had a severe impairment that met or medically equaled a listed impairment; (4) could return to his past relevant work; and if not (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.15209a)(4).

## V. STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record supports the factual findings, and whether the Commissioner applied the correct legal standards. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation omitted). The Court may neither re-weigh the evidence, nor

substitute its judgment for that of the Commissioner. *Id*.

## VI. ANALYSIS

### A. The ALJ Erred in his Evaluation of the Medical Opinion Evidence.

On appeal, Mr. Jensen challenges the ALJ's finding that the opinions of his treating sources, Dr. Manley and Mr. Clayton, were entitled to little or no weight based upon the opinion of Dr. Michael Enright ("Dr. Enright"), a non-examining medical expert who testified at the ALJ hearing. (Dkt. 19 at 8-18).

The Tenth Circuit has held that "findings of a nontreating physician based upon limited contact and examination are of suspect reliability." *Frey v Bowen*, 816 F.2d 508 (10th Cir. 1987). Additionally, Social Security Ruling 96-6p recognizes the importance of the treating physician relationship, stating:

> The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker. For example, the opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standard based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating source.

In this case, despite the significance of the treating source relationship, the ALJ afforded little or no weight to treating sources Dr. Manley and Mr. Clayton, instead adopting the opinions of non-examining medical expert, Dr. Enright. (Dkt. 19 at 8-18). While the Court recognizes that the ALJ is entitled to adopt the opinion of a non-examining medical expert, the decision to do so must be supported by substantial evidence. *See* 20 C.F.R. § 416.927(f)(2)(ii). Here, the Court finds a lack of substantial evidence supporting Dr. Enright's opinion which is highlighted by several fundamental misunderstandings as to certain evidence in the case, as set forth below.

First, with respect to Mr. Clayton's credentials of "LCSW" and "DCSW", Dr. Enright, a medical professional, indicated that he did not know what the acronym "DCSW" stood for, and that the acronym "LCSW" did not conclusively establish Mr. Clayton as a licensed clinical social worker. (Tr. 51). However, a quick internet search by the Court reveals that the credential "DCSW" stands for "Diplomate in Clinical Social Work" and represents the highest level of expertise and excellence for clinical social workers, while the credential "LCSW" stands for licensed clinical social worker and is bestowed after completion of a 2 year masters degree program in social work. *See* National Association of Social Workers http://www.socialworkers.org.

Second, Dr. Enright insisted that he could not comment on opinions from Mr. Jensen's treating psychiatrist, Dr. Manley, if they dated one month prior to his alleged onset date. (Tr. 47-48). However, case law and Agency regulations are clear that evidence prior to the onset date of disability is to be considered to the extent that it sheds light on the disability during the relevant time period. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). Third, Dr. Enright suggested that he could not comment on any of Mr. Clayton's opinions because he was not an acceptable medical source. (Tr. 49). This, however, contradicts agency regulation that "in addition to evidence from the acceptable medical sources" evidence from other sources, including evidence from a treating therapist, should be used to "show the severity of your impairment(s) and how it affects your ability to work." 20 C.F.R. § 404.1513(d) (1).

Overall, the Court concludes that while the ALJ may give non-treating source Dr. Enright's opinions great weight, and assign little or no weight to the conclusions of Mr. Jensen's treating sources Dr. Manley and Mr. Clayton, the decision to do so must be supported by

substantial evidence. Due to the fact that the opinions of Dr. Enright do not accurately reflect the record or Agency policy, they cannot be considered the "substantial evidence" necessary to reject treating source opinions. Accordingly, the Court remands the matter for proper evaluation of all medical opinion evidence.

### B. The ALJ Erred in His Credibility Evaluation.

On appeal, Mr. Jensen also challenges the ALJ's credibility evaluation arguing that the ALJ's conclusions were not supported by substantial evidence, the ALJ's citations to the evidence were taken out of context, and the evaluation did not present an accurate picture of Mr. Jensen's ability to function. (Dkt. 18 at 20-22). Upon consideration, the Court agrees.

"When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." Social Security Ruling ("SSR") 96-7p; *see also, McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002)("findings as to credibility should be closed and affirmatively linked to substantial evidence and not just a conclusion the guise of findings.") *citing Huston v. Bowen*, 838 F. 2d 1125, 1133 (10th Cir. 1988).

Here, while the ALJ offers supporting citations he fails to accurately portray the totality of the evidence, instead considering the evidence in a piecemeal fashion. For example, while the ALJ correctly cites to Dr. Manley's statement that Mr. Jensen "should be able to work within the next six months" with continuous treatment and vocational rehabilitation, he fails to also include the fact that Dr. Manley concluded that Mr. Jensen could not work due his inability to "tolerate even the most minor stress of the workplace." (T. 22). Additionally, while the ALJ states that Mr. Jensen's return to school argues against the severity of his impairments, he fails to address

6

the fact that within a few months of returning to school Mr. Jensen was unable to attend most classes and ultimately dropped out. (Tr. 476-477).

An ALJ cannot pick and choose from the evidence using only the evidence that supports his theory. Instead, the ALJ must look to and consider all the evidence of record. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). In this case, the ALJ's failure to accurately portray the evidence of Mr. Jensen's credibility in context, and as reported by both Mr. Jensen and his treating source, is legal error requiring remand for further consideration.

### C. The ALJ Failed To Relate His Hypothetical With Precision

Finally, Mr. Jensen argues that the ALJ's hypothetical questions to the vocational expert failed to include "with precision" all of the claimant's limitations. *See Taylor v. Callahan*, 969 F. Supp. 664, 669(D. Kan. 1997), *citing Hargis v. Sullivan*, 945 F. 2d 1482, 1492 (10th Cir. 1991) (Dkt. 18 at 18-20). In response, the Commissioner asserts that any difference between the ALJ's hypothetical question and the residual functional capacity included in the ALJ's decision are merely harmless "scrivener's errors". (Dkt. 19 at 19).

While not a basis for remand, the Court directs that on remand in connection with the issues discussed above, the Commissioner ensure that any hypothetical posed to the vocational expert include "with precision" all limitations that are included in the residual functional capacity assessment.

## VII. ORDER

For the reasons set forth above, the Court REMANDS this case to the Commissioner. On remand, the Commissioner will re-evaluate the opinions of Dr. Manley and Mr. Clayton in light of the inconsistencies in the testimony of Dr. Enright. Furthermore, the ALJ shall re-evaluate Mr. Jensen's credibility consistent with Agency rulings and regulations. Finally, any hypotheticals to a vocational expert must relate with precision the limitations included in the ALJ's residual functional capacity assessment.

In so ordering, the Court expresses no opinion about whether the ALJ's findings at any step of the evaluation process will change.

DATED this 23rd of May, 2014.

_____
Dustin B. Pead
U.S. Magistrate Judge